Marc A. Lieberman, Esq. (Bar No. 157318)
Alan W. Forsley, Esq. (Bar No. 180958)
**FREDMAN LIEBERMAN LLP**
1875 Century Park East, Suite 2200
Los Angeles, California 90067-2523
Telephone:    (310) 284-7350
Facsimile:    (310) 432-5999

Attorneys for Rosendo Gonzalez,
Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re | )Case No. 2:13-bk-15660-BR |
| | ) |
| ANDREW YANG, | )Chapter 7 |
| | ) |
| | )Adv. Proc. No. 2:14-ap-_____-BR |
| Debtor.) | |
| _____ | )**COMPLAINT FOR:** |
| | ) **(1) AVOIDANCE AND RECOVERY** |
| ROSENDO GONZALEZ, CHAPTER 7 | ) **OF FRAUDULENT TRANSFERS** |
| TRUSTEE FOR THE BANKRUTPCY | ) **PURSUANT TO 11 U.S.C. §§544(b)** |
| ESTATE OF ANDREW YANG, | ) **& 550, AND CALIFORNIA CIVIL** |
| | ) **CODE §§3439.04(a)(1) & 3439.09;** |
| Plaintiff,) | **(2) AVOIDANCE AND RECOVERY** |
| v. | ) **OF FRAUDULENT TRANSFERS** |
| | ) **PURSUANT TO 11 U.S.C. §§544(b)** |
| ANDREW YANG, an individual; | ) **& 550 AND CALIFORNIA CIVIL** |
| YOUNG MI KIM a/k/a YUMI KIM, an | ) **CODE §§3439.04(a)(2) & 3439.05** |
| individual | ) **AND 3439.09;** |
| | ) **(3) FOR DECLARATORY RELIEF;** |
| Defendants) | **AND** |
| | ) **(4) FOR TURNOVER AND** |
| | ) **ACCOUNTING OF PROPERTY** |
| | ) **OF THE ESTATE** |
| | ) |
| | ) |

1

*Complaint For: (1) Declaratory Relief; (2) Determination Of Validity Of Interest In Property;*
*And (3) Turnover*

Plaintiff Rosendo Gonzalez is the Chapter 7 Trustee (the "**Trustee**" and "**Plaintiff**") in the above-captioned bankruptcy case and the plaintiff in this adversary proceeding. This is a complaint to recover property that was fraudulently transferred to defendant and debtor Andrew Yang's ("**Yang**" or "**Debtor**") ex-wife Young Mi Kim ("**Kim**"). As part of Yang's and Kim's divorce, Debtor transferred all of his property, including a house with over $600,000 in equity and a BMW motor vehicle and alimony payments (the "**Property**") to Kim. Debtor received nothing in exchange. Accordingly, the Trustee represents and alleges as follows:

## I.

## JURISDICTION AND VENUE

1.      This adversary proceeding arises in and is related to the Chapter 7 case *In re Yang*, which is now pending before the United States Bankruptcy Court for the Central District of California, Case No. 2:13-bk-15660-BR.

2.      On March 5, 2013 (the "**Petition Date**"), Yang filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "**Petition Date**").

3.      The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334.

4.      Venue is proper in this district pursuant to 28 U.S.C. §1409.

5.      This adversary proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A),(E),(H) and (O) and the Court can and should enter final judgment.

## II.

## PARTIES

6.      The Trustee is the duly appointed acting Chapter 7 Trustee of Yang's bankruptcy estate.

7.      The Trustee alleges on information and belief that Yang and Kim (collectively the "**Defendants**") are each individuals over the age of 18 years who reside within this district.

*Complaint For: (1) Declaratory Relief; (2) Determination Of Validity Of Interest In Property; And (3) Turnover*

### III.

### **GENERAL ALLEGATIONS**

8.    On or about February 13, 2006, Yang and Kim married.

9.    April 24, 2006, Yang purchased the real property located at 23620 Ridgecrest Court, Diamond Bar, CA 91765 (the "**Real Property**") for $1,150,000. Attached as **Exhibit "1"** is a copy of the Grant Deed.

10.    On February 12, 2011, Kim filed a petition for divorce in the Los Angeles Superior Court case No. KD080997 (the "**Family Law Case**").

11.    On February 24, 2011, Debtor refinanced the Real Property with a 15 year loan of $360,000.

12.    On March 10, 2011, Debtor and Kim entered into the Marital Settlement Agreement of Young Mi Kim and Andrew Kang (the "**Settlement Agreement**"). Attached as **Exhibit "2"** is a copy of the Settlement Agreement.

13.    Pursuant to the Settlement Agreement, Debtor agreed to give Kim the Property for no consideration.

14.    On April 14, 2011, Debtor transferred the Real Property and the BMW Vehicle to Kim for no consideration. Thereafter, Debtor paid the BMW loan and transferred alimony payments to Kim for no consideration. Attached as **Exhibit "3"** is a copy of the Quitclaim Deed transferring the Real Property.

15.    On September 14, 2012, Kim sold the Real property to David Low for $980,000. As a result of the sale, Kim retained about $600,000. The Real Property, including the $600,000, the BMW, BMW loan payments and alimony payments are all collectively referred to as the "**Property**."

///

///

///

///

*Complaint For: (1) Declaratory Relief; (2) Determination Of Validity Of Interest In Property;*
*And (3) Turnover*

# FIRST CLAIM FOR RELIEF

## (Against Young Mi Kim)

### (For Avoidance and Recovery of Actual Fraudulent Transfer pursuant to 11 U.S.C. §§544(b) and 550 and California Civil Code §§3439.04(a)(1) and 3439.09)

16.    Plaintiff incorporates herein by this reference the allegations in paragraphs 1 through 15.

17.    Plaintiff is informed and believes and on that basis alleges that Yang transferred an interest of the Debtor in property by transferring the Property to Kim (the "**Transfer**").

18.    Plaintiff is informed and believes and on that basis alleges that the Transfer was made to Kim within the four-year period immediately preceding the Petition date and that the Transfer was of the Debtor's property.

19.    Plaintiff is informed and believes and based thereon alleges the Transfer is avoidable by a creditor, whose rights Plaintiff succeeded under 11 U.S.C. §544.

20.    Plaintiff is informed and believes and based thereon alleges the Transfer was made to Kim with the actual intent to hinder, delay, or defraud an entity or entities to which the Debtor was or became indebted, on or after the date that the Transfer was made.

21.    Plaintiff is informed and believes and based thereon alleges that the Transfer was made to an insider.

22.    Plaintiff is informed and believes and based thereon alleges that before the Transfer was made Yang had been sued or threatened with suit.

23.    Plaintiff is informed and believes and based thereon alleges that the Transfer was made for Yang to conceal assets.

24.    Plaintiff is informed and believes and based thereon alleges that Yang received less than reasonably equivalent value in exchange for the Transfer to Kim.

25.    Pursuant to 11 U.S.C. §544(b) and California Civil Code §§3439.04(a)(1) and 3439.09, Plaintiff is entitled to avoid the Transfer to Kim.

*Complaint For: (1) Declaratory Relief; (2) Determination Of Validity Of Interest In Property; And (3) Turnover*

26.    Plaintiff is informed and believes and based thereon alleges that Kim is the initial transferee and/or for whose benefit the Transfer was made.

27.    Pursuant to 11 U.S.C. §§550(a)(1) or (2), Plaintiff is entitled to recover from Kim the property transferred or the value of it, in an amount to be established according to proof at trial but not less than $700,000.

## SECOND CLAIM FOR RELIEF

### (Against Young Mi Kim)

### (For Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§544(b) and 550 and California Civil Code §§3439.04(a)(2) and 3439.05 and 3439.09)

28.    Plaintiff incorporates herein by this reference the allegations in paragraphs 1 through 27.

29.    Plaintiff is informed and believes and on that basis alleges that the Transfer was made to Kim within the four-year period immediately preceding the Petition Date and that the Transfer was of the Debtor's Property.

30.    Plaintiff is informed and believes and based thereon alleges the Transfer is avoidable by a creditor, whose rights Plaintiff succeeded under 11 U.S.C. § 544.

31.    Plaintiff is informed and believes and on that basis alleges that Yang received less than reasonably equivalent value in exchange for the Transfer to Kim and at the time of the Transfer to Yang:

    a.  was engaged or was about to engage in a business or a transaction for which his remaining assets were unreasonably small in relation to the business or transaction; or

    b.  intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due; or

    c.  was insolvent or became insolvent as a result of the Transfer.

*Complaint For: (1) Declaratory Relief; (2) Determination Of Validity Of Interest In Property; And (3) Turnover*

32.     Pursuant to 11 U.S.C. § 544(b) and California Civil Code §§ 3439.04(b)(2), 3439.05 and 3439.09, Plaintiff is entitled to avoid the Transfer to Kim.

33.     Plaintiff is informed and believes and on that basis alleges that Kim is the initial transferee and/or for whose benefit the Transfer was made.

34.     Pursuant to 11 U.S.C. §§ 550(a)(1) or (2), Plaintiff is entitled to recover from Kim the property transferred or the value of it, in an amount to be established according to proof at trial.

## THIRD CAUSE OF ACTION

### (Against Yang & Kim)

### (For Declaratory Relief Regarding the Estate's Interest in the Property to 28 U.S.C. §§2201 and 2202 and 11 U.S.C. §§541(a)(1) and (a)(4)

35.     The Trustee repeats the allegations in paragraphs 1 through 34, with the same effect as though set forth in full here.

36.     The Trustee alleges on information and belief that an actual controversy has arisen between each of the Defendants, on the one hand, and the Trustee, on the other, in which the Trustee contends that pursuant to 11 U.S.C. § 541(a), the property transferred and/or possessed, wrongfully or otherwise, as alleged hereinabove involves or constitutes property of this bankruptcy estate. The Trustee alleges on information and belief that Defendants contend that the Transfers do not constitute or involve property of the bankruptcy estate. The Trustee further alleges on information and belief that Kim asserts a title interest in the Property.

37.     The Trustee alleges on information and belief that an actual controversy has arisen between each of the Defendants, on the one hand, and the Trustee on the other, in which the Trustee contends that at all times relevant and material to this Complaint, the Property was, and should be characterized as, property of this bankruptcy estate. The Trustee alleges on information and belief that each of the Defendants contend that the Property was not, and cannot be characterized as, property of this bankruptcy estate.

*Complaint For: (1) Declaratory Relief; (2) Determination Of Validity Of Interest In Property; And (3) Turnover*

38.    A declaration from this Court adjudicating the rights of the parties with respect to the character of the Property with respect to whether or not it is property of the estate is necessary and appropriate in order for the Trustee to be able to perform his duties under 11 U.S.C. §§ 704(1) and (4).

39.    As a result of the foregoing, the Trustee is entitled to a declaratory relief judgment to the effect that the Property in the possession and/or control of each of the Defendants that is the subject of the allegations of fraudulent transfer in this Complaint is property of this bankruptcy estate and that the Property is and should be characterized as estate property.  Furthermore, the Trustee is entitled to a declaration from this Court that Kim has no title interest in the Property.

## **FOURTH CAUSE OF ACTION**

### **(Against Yang & Kim)**

### **(For Turnover and accounting of the Property Pursuant 11 U.S.C. §§542(a))**

40.    The Trustee repeats the allegations in paragraphs 1 through 39, with the same effect as though set forth in full here.

41.    The Trustee alleges on information and belief that the Property consists of property of the bankruptcy estate by virtue of 11 U.S.C. § 541(a) (the **"Estate Property"**) and other applicable law.

42.    The Trustee alleges on information and belief that Defendants are in possession and/or have control over the Estate Property.

43.    By virtue of the foregoing, the Trustee is entitled to an order for an accounting and turnover to the Trustee of the Property, including any profits or rents therefrom.

///

///

///

*Complaint For: (1) Declaratory Relief; (2) Determination Of Validity Of Interest In Property;
And (3) Turnover*

# PRAYER FOR RELIEF

**WHEREFORE,** the Trustee prays for judgment as follows:

1.    On the First Claim for Relief:

    a. That the Transfer made to Kim be avoided pursuant to 11 U.S.C. §§ 544(b) and 550, California Civil Code §§ 3439.04(a)(1) and 3439.09 and other applicable state statutes;

    b. That the Transfer be preserved for the benefit of Yang's bankruptcy estate pursuant to 11 U.S.C. § 551; and

    c. That judgment be entered in favor of the Trustee and against Kim in the amount of at least $700,000.

2.    On the Second Claim for Relief:

    a. That the Transfer made to Kim be avoided pursuant to 11 U.S.C. §§ 544(b) and 550, California  Civil Code §§ 3439.04(a)(2), 3439.05 and 3439.09 and other applicable state statutes;

    b. That the Transfer be preserved for the benefit of Yang's bankruptcy estate pursuant to 11 U.S.C. § 551; and

    c. That judgment be entered in favor of the Trustee and against Kim in the amount of at least $700,000.

3.    On the Third Claim for Relief:

    a. For a declaration that the Property, including any rents or profits therefrom, are property of this bankruptcy estate;

    b. For pre-judgment interest on any amount recovered at the lawful rate in an amount to be established according to proof at trial.

4.    On the Fourth Claims for Relief:

    a) For turnover of the Property or its value, including any rents or profits therefrom, in an amount to be established according to proof at trial but not less than $700,000, owned, controlled and/or possessed by the Defendants.

*Complaint For: (1) Declaratory Relief; (2) Determination Of Validity Of Interest In Property;
And (3) Turnover*

b) For pre-judgment interest on all amounts recovered at the lawful rate in an amount to be established according to proof at trial.

5.   <u>On All Claims for Relief:</u>

a.   For all costs of suit (including attorneys' fees and costs) and any other sanction the Court deems proper; and

b.   For such other and further relief as this Court deems necessary and appropriate to carry out the provisions of the Bankruptcy Code or to further the interests of justice.

DATED: February 24, 2014                    FREDMAN LIEBERMAN LLP


                                            By: _____
                                                Marc A. Lieberman, Esq.
                                                Alan W. Forsley, Esq.
                                                Attorneys for Plaintiff, Rosendo Gonzalez,
                                                Chapter 7 Trustee for the Bankruptcy Estate
                                                of Andrew Yang

9

*Complaint For: (1) Declaratory Relief; (2) Determination Of Validity Of Interest In Property;*
*And (3) Turnover*

# EXHIBIT 1

RECORDING REQUESTED BY:

# CHICAGO TITLE

Escrow No. 17640-YT
Title Order No. 606061156

06 1041766

When Recorded Mail Document
and Tax Statement To:
Mr. Andrew Yang
23620 Ridgecrest Court
Diamond Bar, CA  91765

APN: 8701-006-073

## GRANT DEED

The undersigned grantor(s) declare(s)
Documentary transfer tax is $ 1,265.00
.  [ X ]  computed on full value of property conveyed, or
   [    ]  computed on full value less value of liens or encumbrances remaining at time of sale,
   [    ]  Unincorporated Area    City of Diamond Bar

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,   Ching-Feng Pan and Mei-Kuei Wang,
Husband and Wife as Joint Tenants

hereby GRANT(S) to    Andrew Yang, A Single Man

the following described real property in the City of Diamond Bar
County of Los Angeles, State of California:

COMPLETE LEGAL DESCRIPTION AS PER EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

DATED: March 28, 2006

STATE OF CALIFORNIA
COUNTY OF  LOS ANGELES
ON  MAY 02, 2006                                   before me,
YIH Y. TSAI, NOTARY PUBLIC personally appeared
CHING-FENG PAN AND MEI-KUEI WANG

Ching-Feng Pan

Mei-Kuei Wang  as her attorney in fact

personally known to me (or proved to me on the basis
of satisfactory evidence) to be the person(s) whose
name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and that
by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument.

Witness my hand and official seal.

Signature

YIH Y. TSAI
COMM. # 1361583
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
COMM. EXP. JULY 13, 2006

### MAIL TAX STATEMENTS AS DIRECTED ABOVE

FD-213 (Rev 9/94)                                              GRANT DEED

EXHIBIT      1

0010

EXHIBIT "A"

3

**PARCEL 1:**

LOT 118 OF TRACT NO. 52267, IN THE CITY OF DIAMOND BAR, COUNTY OF LOS ANGELES, STATE
OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 1245 PAGES 57 THROUGH 72 INCLUSIVE OF
MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, GAS AND OTHER HYDROCARBONS AND MINERALS NOW OR AT ANY TIME
HEREAFTER SITUATED THEREIN AND THEREUNDER, TOGETHER WITH THE EXCLUSIVE RIGHT TO DRILL
FOR, PRODUCE, EXTRACT, TAKE AND MINE THEREFROM SUCH OIL, GAS AND OTHER HYDROCARBONS
AND MINERALS AND TO STORE THE SAME UPON THE SURFACE OF SAID LAND, OR BELOW THE
SURFACE OF SAID LAND, TOGETHER WITH THE RIGHT TO STORE UPON THE OF SAID LAND, OIL,
GAS AND OTHER HYDROCARBONS AND MINERALS, WHICH MAY BE PROCUDED FROM OTHER LANDS, WITH
THE RIGHT OF ENTRY THEREFORE SAIS PURPOSES AND WITH THE RIGHT TO CONSTRUCT, USE,
MAINTAIN, ERECT, REPAIR, REPLACE AND REMOVE THEREON AND THEREFROM ALL PIPELINES,
TELEPHONE AND TELEGRAPH LINES, TANKS, MACHINERY, BUILDINGS AND OTHER STRUCTURES WHICH
MAY BE NECESSARY AND REQUISITE TO CARRY ON OPERATIONS ON SAID LANDS, WITH THE RIGHT
TO ERECT, MAINTAIN, OPERATE AND REMOVE A PLAT, WITH ALL NECESSARY APPURTENANCES FOR
THE EXTRACTION OF GASOLINE FROM GAS, INCLUDING ALL RIGHTS NECESSARY OR CONVENIENT
THERETO, AS EXCEPTED AND RESERVED IN THE DEED FROM TRANSAMERICA DEVELOPMENT COMPANY,
A CORPORATION, RECORDED MARCH 29, 1968 AS DOCUMENT 2456 IN BOOK D3955 PAGE 185,
OFFICIAL RECORDS, AND RE-RECORDED JUNE 19, 1969 AS DOCUMENT NO. 1776 IN BOOK D4407
PAGE 591, OFFICIAL RECORDS, WITHOUT, HOWEVER, THE RIGHT OF SURFACE ENTRY AS SAID
RIGHTS TO THE USE OF THE SURFACE AND SUBSURFACE TO A DEPTH OF 500 FEET FROM THE
SURFACE FOR ANY PURPOSE INCIDENTAL TO THE OWNERSHIP OF ALL OIL, GAS AND OTHER
HYDROCARBON SUBSTANCES AND MINERAL WERE QUITCLAIMED WITH RESPECT TO SAID PARCEL MAP
NO. 1753, IN DEED RECORDED OCTOBER 16, 1970 AS INSTRUMENT NO. 1672; WITH RESPECT TO A
PORTION THEREOF, IN DEED RECORDED NOVEMBER 12, 1970 AS INSTRUMENT NO. 2112, WITH
RESPECT TO A PORTION THEREOF, IN DEED RECORDED MAY 21, 1973 AS INSTRUMENT NO. 1446
AND WITH RESPECT TO SAID TACT NO. 31479 IN DEED RECORDED DECEMBER 24, 1981 AS
INSTRUMENT NO. 81-1263075, OFFICIAL RECORDS, RECORDS OF SAID COUNTY.

**PARCEL 2:**

EASEMENTS FOR ACCESS, SLOPE AND DRAINAGE MAINTENANCE, SANITARY SEWER, PRIVATE STREET
PURPOSES, PUBLIC UTILITY AND PUBLIC SERVICES PURPOSES OVER LOT "M" OF SAID TRACT NO.
52267.

**PARCEL 3:**

AN EASEMENT FOR ACCESS AND DRAINAGE MAINTENANCE PURPOSES OVER THOSE PORTIONS OF LOTS
4, 12, 28, 36, 81, 104, 117 AS DELINEATED ON THE MAP OF SAID TRACT.

06 1041766

PLEGAL ~05/23/86bk

# EXHIBIT 2

# MARITAL SETTLEMENT AGREEMENT
## OF YOUNG MI KIM AND ANDREW YANG

This MARITAL SETTLEMENT AGREEMENT ("Agreement") is made and entered into at Diamond Bar, California, by and between Young Mi Kim ("Petitioner") and Andrew Yang ("Respondent"), referred to collectively as "The Parties," and is based upon the following facts which the parties agree to be true:

A.    The Parties were married to each other on 02/13/2006, and have been husband and wife continuously until the date of separation. The parties' date of separation is 06/30/2009 (the "Date of Separation"). The period of time between marriage and separation is Three (3) years and Four (4) months.

B.    The Parties have one minor child, namely: Henry Yang, born on November 09, 2007. The Parties have no other children of the marriage and have not adopted any children.

C.    Irreconcilable differences have arisen between the Parties that have lead to the irremediable breakdown of their marriage. The Parties agree that no further waiting period, marriage counseling or conciliation efforts would save the marriage.

D.    There is presently pending in the Los Angeles County Superior Court (Case No. KD080997) an action for Dissolution of Marriage entitled "Young Mi Kim v. Andrew Yang."

E.    The Parties intend this Agreement to be a final and complete settlement of all of their rights and obligations as between them, including child custody and visitation, child support, property rights and property claims and the right of either Petitioner or Respondent to spousal support.

THEREFORE, for good and valuable consideration, including the mutual promises, conditions and agreements set forth herein, the parties agree as follows:

## CHILD CUSTODY AND VISITATION

1.    Petitioner and Respondent shall be awarded "joint legal custody" as defined in Family Code section 3003.

2.    "Decisions relating to the health, education, and welfare" shall include, but are not limited to: (a) enrolling or terminating attendance in a private or public school; (b) enrolling or terminating participation in regularly occurring extracurricular activities; (c) non-emergency medical or dental treatment (other than routine checkups); (d) commencing any psychiatric, psychological or other mental health therapy or counseling; (e) authorizing a driver's license; and (f) making a passport application.

1 of 8

0012

EXHIBIT     2

3.    Petitioner shall have primary physical custody of the children, subject to Respondent's reasonable visitation so as to insure the minor child of frequent and continuing contact with both parents.

## CHILD SUPPORT

4.    Respondent shall pay Petitioner as and for child support for the Parties' child in the amount of US$800 per month, payable on the 1st of each month. Respondent shall begin paying said child support upon execution of this Agreement. Said child support shall continue until the minor child reaches the age of 18, dies, marries, becomes emancipated or further order of Court. Said child support shall be extended as long as the child is a full-time high school student residing with the parent until the time the child completes the 12th grade or attains the age of 19, whichever occurs first.

5.    The Parties acknowledge that they are fully informed of their rights concerning child support, they are making this agreement regarding child support without coercion or duress, this agreement regarding child support is in their child's best interests and their child's needs will be adequately met by this agreement regarding child support.

## HEALTH INSURANCE

6.    The Parties agree that Respondent shall provide reasonable and adequate health and dental insurance for their child and pay the cost of providing such insurance and the cost of any non-reimbursed medical or dental expenses.

## DEPENDENCY CLAIMS FOR INCOME TAX PURPOSES

7.    Petitioner shall claim the Parties' child as her dependent and file at her discretion as head of household on her personal state and federal income tax return, commencing calendar year 2011 and continuing until further order of the Court. The Parties shall fully co-operate and shall sign all IRS forms, including but not limited to Form 8333, allowing or enabling the other party to make such dependency claims. A copy of this Agreement may be filed in place of IRS Form 8333 or other form for the purpose stated. In the event that any party fails or refuses to timely do so, that party shall indemnify the other party for all damages and losses on tax saving which the other party would otherwise be entitled to.

## VIOLATION OF COURT ORDER

8.    The Parties acknowledge and agree that under California Family Code, Section 3048(a): (a) this Court has jurisdiction to make child custody orders in this case under the Uniform Child Custody Jurisdiction and Enforcement Act; (b) the responding party was given notice and an opportunity to be heard, as provided by the laws of the State of California; (c) the habitual residence of the Parties' child is State of California, the United States; (d) these agreements regarding child custody, child support and health

and dental insurance set forth in Paragraphs 1 through 7 are Court orders; and (e) if either party violates this order, he or she may be subject to civil or criminal penalties, or both.

## SPOUSAL SUPPORT

9.    Respondent shall pay Petitioner as and for spousal support in the amount of US$1,000 a month, payable on the 1st of each month. Respondent shall begin paying said spousal support upon execution of this Agreement and continue thereafter for 19 more months, total for 20 months.

10.    The Parties acknowledge that they are fully informed of their rights and obligations under the California Support Guideline. The amount of spousal support was agreed to by the Parties voluntarily without duress or coercion.

## CONFIRMATION OF SEPARATE PROPERTY AND/OR DIVISION OF COMMUNITY PROPERTY

11.    Based on the Parties' agreement, the following properties shall be transferred to or confirmed to Petitioner as her sole and separate properties:

(a)    the family residence located at 23620 Ridgecrest Court, Diamond Bar, California 91765, as more particularly described in the County of Los Angeles, State of California:

> LOT 118 OF TRACT NO. 52267, IN THE CITY DIAMOND BAR, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 1245 PAGES 57 THROUGH 72 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

(b)    the 2006 BMW 7 automobile (California license no. "F-168");

(c)    any and all checking, savings and deposit accounts in Petitioner's name at any time, including before marriage, during marriage and after the date of separation;

(d)    any and all pension, retirement, SEP, IRA, 401(k) Plan, and other retirement style assets earned by or vested in the name of Petitioner at any time, including before marriage, during marriage and after the date of separation;

(e)    all furniture, furnishings and appliances presently located at the family residence in Diamond Bar;

(f)    all items of clothing, jewelry and other personal effects currently in Petitioner's possession or under Petitioner's control;

(g)    all income, earnings and accumulations of Petitioner on or after the date of separation; and

12.   Based on the Parties' agreement, the following properties shall be transferred to or confirmed to Respondent as his sole and separate properties:

(a)   any and all checking, savings and deposit accounts in Respondent's name at any time, including before marriage, during marriage and after the date of separation;

(b)   any and all pension, retirement, SEP, IRA, 401(k) Plan, and other retirement style assets earned by or vested in the name of Respondent at any time, including before marriage, during marriage and after the date of separation;

(c)   all items of clothing, jewelry and other personal effects currently in Respondent's possession or under Respondent's control; and

(d)   all income, earnings and accumulations of Respondent on or after the date of separation.

## LIFE INSURANCE

13.   The parties acknowledge that there are presently two policies of insurances on Respondent's life issued by Hartford Leaders Legacy (#---7151 & #---2570). The parties agree that these policies shall be continued. Respondent shall keep their child, Henry Yang, Petitioner and Respondent's mother, ShiHe Kang, in the designated beneficiaries and the premiums on this policy shall be paid by Respondent. Respondent shall not remove their child from the designated beneficiaries unless Petitioner expressly consents in writing. Respondent shall not remove Petitioner from the designated beneficiaries unless Petitioner expressly consents in writing or Petitioner remarries.

## SPECIAL PROVISION FOR FAMILY RESIDENCE'S EXISTING MORTGAGE LOAN AND HOUSE PAYMENTS

14.   The Parties acknowledge that there is an existing mortgage loan secured by or associated with the family residences and named Respondent as borrower. The Parties agree that Respondent shall pay all payments due on encumbrances, property taxes and other house payments associated with the family residences provided that Petitioner is using the property as the principal residence of Petitioner and the minor child of the Parties and Petitioner is not remarried. In the event of the remarriage of Petitioner, the Parties agree that Petitioner shall be solely responsible for all payments due on encumbrances, property taxes and other house payments associated with the family residences and hold Respondent harmless against any liability therefore and indemnify Respondent against any liability incurred in connection therewith, including, but not limited to, court costs, attorney fees and all other costs of defense.

**0015**

## SPECIAL PROVISION FOR EXISTING AUTO LOAN

15.    The Parties acknowledge that there is an existing auto loan secured by or associated with the 2006 BMW automobile and named Respondent as borrower. The Parties agree that Respondent shall continue to pay all loan payments until the balance was paid off.

## COMMUNITY DEBTS AND OTHER OBLIGATIONS

16.    Except as otherwise expressly stated in Paragraph 14 & 15, the Parties agree that the receiving party is solely responsible for any and all obligations secured by or associated with the property received by each party under the terms of this Agreement and the receiving party will pay and hold the other party harmless against any liability therefore and indemnify the other party against any liability incurred in connection therewith, including, but not limited to, court costs, attorney fees and all other costs of defense.

17.    The Parties agree that any debt or obligation in addition to those assumed in Paragraphs 14, 15 and 16 will be the sole and separate responsibility of the party incurring the debt or obligation, who will pay and hold the other party harmless against any liability therefore and indemnify the other party against any liability incurred in connection therewith, including, but not limited to, court costs, attorney fees and all other costs of defense.

18.    Neither party shall incur any debt or obligation now or in the future for which the other is or may be held liable. The party incurring any such debt or obligation shall pay and hold the other party harmless against any liability therefore and further agrees to indemnify the other party against any liability incurred in connection therewith, including, but not limited to, court costs, attorney fees and all other costs of defense.

19.    The Parties agree that all bank accounts, credit card accounts, charge card accounts and revolving credit lines held jointly by the Parties shall be closed immediately and at no time hereafter shall any such joint obligation be reactivated or reinstated unless both parties expressly agree to do so in writing.

## ATTORNEYS' FEES AND COSTS

20.    In the event that either party brings any action or proceeding to enforce any provision of this Agreement, or any order made by the Court pursuant to this Agreement, the party prevailing in such action or proceeding shall be entitled to receive from the other party such reasonable attorneys fees and costs in respect thereto as shall be fixed by the Court.

0016

## ENTIRE AND BINDING AGREEMENT

21.    The Parties acknowledge and agree that this Agreement is intended to be the final, complete and exclusive agreement of the parties on the matters it covers. It supersedes any previous or contemporaneous oral or written agreements between the parties with respect to these matters. There are no representations, warranties, promises, or agreements with respect to these matters, except as set forth in this Agreement.

## SEVERABILITY

22.    If a Court holds any provision of this Agreement to be invalid, unenforceable, or void, the remainder of this Agreement shall remain in full force and effect.

## ACKNOWLEDGMENTS

23.    Each party acknowledges that he or she has read this Agreement and that he or she is fully aware of each and every provision of this Agreement and of the legal effect and consequences thereof.

24.    Except as expressly and specifically set forth herein, neither party has made any promise, agreement or representation to or with the other party upon which the other has relied in entering into this Agreement. The Parties have entered into this Agreement knowingly, intelligently, freely and voluntarily without menace, duress, fraud, undue influence, coercion or misrepresentation of any kind.

25.    Each party understands that any provision contained in this Agreement for either party to assume the obligations of the community or of the other party may not be binding on the creditor, who may retain rights to seek payment against either party. Should a creditor seek payment from the party who is not liable for the debt or obligation pursuant to the provisions of this Agreement, the responsible party shall pay and defend and hold the non-responsible party harmless from and against any liability therefrom and indemnify the not responsible party against any liability incurred in connection therewith.

26.    Each party understands that obligations to third parties and to each other are subject to possible discharge in bankruptcy.

## INCORPORATION INTO JUDGMENT

27.    This Agreement shall be attached as "Attachment 4i" to the Judgment to be filed with and entered by the Court and each and every provision of this Agreement, including the Recitals, shall be incorporated in its entirety into the Judgment.

**0017**

**EFFECTIVE DATE**

28.    This Agreement shall be and become effective as of the date it is signed by the last of the Parties.

**BY THEIR SIGNATURES BELOW, THE PARTIES REPRESENT THAT THEY HAVE READ AND FULLY UNDERSTAND THIS MARITAL SETTLEMENT AGREEMENT AND AGREE TO EACH AND EVERY TERM AND CONDITION SET FORTH HEREIN.**

APPROVED AS TO FORM AND CONTENT:

DATED: __3 / 10 / 11__ 

_____
Young Mi Kim, Petitioner

APPROVED AS TO FORM AND CONTENT:

DATED: __3/10/2011__

_____
Andrew Yang, Respondent
(In Pro Per)

APPROVED AS TO FORM:

DATED: __3 -10 - 11__

_____
Alice Lin, Attorney for Petitioner

0018

## ACKNOWLEDGMENT

State of California
County of _____**Los Angeles**_____ )


On _____*03-10-11*_____ before me, *Alice Lin, Notary Public*
(insert name and title of the officer)

personally appeared *Andrew Yang*_____, who proved to
me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed
the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on
the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that
the foregoing paragraph is true and correct.

WITNESS my hand and official seal.


Signature _____ (Seal)
       (Signature of Notary)

ALICE LIN
COMM. # 1817138
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
COMM. EXPIRES OCT. 12, 2012

0019

8 of 8

# EXHIBIT 3

**RECORDING REQUESTED BY:**

AND WHEN RECORDED MAIL THIS DEED AND, UNLESS OTHERWISE
SHOWN BELOW, MAIL TAX STATEMENT TO:

Youngmi Kim
23620 Ridgecrest Ct
Diamond Bar, Ca 91765



*20110540554*

Title Order No. n/a
Escrow No. n/a

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# QUITCLAIM DEED

The undersigned grantor(s) declare(s)
Documentary transfer tax is $*O  City tax $

[      ] computed on full value of property conveyed, or
[      ] computed on full value less value of liens or encumbrances remaining at time of sale,
[ x ] Unincorporated Area [      ] City of
Parcel No. 8701-058-035

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
**Andrew Yang, a married man, spouse of the grantee**

Hereby GRANT(s) to
**Youngmi Kim, a Married Woman as her Sole and Separate Property**

This document is being recorded
as an accommodation only
and Chicago Title Insurance
Company assumes no respons-
ibility for the correctness
or validity thereof.

The following described real property in the ~~City of~~
County of Los Angeles   State of California:
as per Exhibit "A" Legal Description attached hereto and made a part hereof.
Property commonly known as: 23620 Ridgecrest Ct., Diamond Bar, Ca 91765
"This conveyance establishes sole and separate property of a spouse, R & T 11911."

DATED: _____ 4 / 1 / 11 _____

Andrew Yang

STATE OF CALIFORNIA
COUNTY OF Los Angeles
ON April 1, 2011 _____ before me,
Iris Jihye Kim , Notary Public,
personally appeared Andrew Yang _____

who proved to me on the basis of satisfactory evidence to
be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies),
and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the
State of California that the foregoing paragraph is true and
Correct.

Witness my hand and official seal



IRIS JIHYE KIM
COMM. #1830296
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires JAN 11, 2013

Signature _____

MAIL TAX STATEMENT AS DIRECTED ABOVE

EXHIBIT    3

0020

**LEGAL DESCRIPTION**

**EXHIBIT "A"**

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL 1:

LOT 118 OF TRACT NO. 52267, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 1245 PAGES 57 THROUGH 72 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, GAS AND OTHER HYDROCARBONS AND MINERALS NOW OR AT ANY TIME HEREAFTER SITUATED THEREIN AND THEREUNDER, TOGETHER WITH THE EXCLUSIVE RIGHT TO DRILL FOR, PRODUCE, EXTRACT, TAKE AND MINE THEREFROM SUCH OIL, GAS AND OTHER HYDROCARBONS AND MINERALS AND TO STORE THE SAME UPON THE SURFACE OF SAID LAND, OR BELOW THE SURFACE OF SAID LAND, TOGETHER WITH THE RIGHT TO STORE UPON THE OF SAID LAND, OIL, GAS AND OTHER HYDROCARBONS AND MINERALS, WHICH MAY BE PRODUCED FROM OTHER LANDS, WITH THE RIGHT OF ENTRY THEREFORE SAID PURPOSES AND WITH THE RIGHT TO CONSTRUCT, USE, MAINTAIN, ERECT, REPAIR, REPLACE AND REMOVE THEREON AND THEREFROM ALL PIPELINES, TELEPHONES AND TELEGRAPH LINES, TANKS, MACHINERY, BUILDINGS AND OTHER STRUCTURES WHICH MAY BE NECESSARY AND REQUISITE TO CARRY ON OPERATIONS ON SAID LANDS, WITH THE RIGHT TO ERECT, MAINTAIN, OPERATE AND REMOVE A PLAT, WITH ALL NECESSARY APPURTENANCES FOR THE EXTRACTION OF GASOLINE FROM GAS, INCLUDING ALL RIGHTS NECESSARY OR CONVENIENT THERETO, AS EXCEPTED AND RESERVED IN THE DEED FROM TRANSAMERICA DEVELOPMENT COMPANY, A CORPORATION, RECORDED MARCH 29, 1968 AS DOCUMENT NO. 2456 IN BOOK D3955 PAGE 185, OFFICIAL RECORDS, AND RE-RECORDED JUNE 19, 1969 AS DOCUMENT NO. 1776 IN BOOK D4407 PAGE 591, OFFICIAL RECORDS, WITHOUT, HOWEVER, THE RIGHT OF SURFACE ENTRY AS SAID RIGHTS TO THE USE OF THE SURFACE AND SUBSURFACE TO A DEPTH OF 500 FEET FROM THE SURFACE FOR ANY PURPOSE INCIDENTAL TO THE OWNERSHIP OF ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES AND MINERAL WERE QUITCLAIMED WITH RESPECT TO SAID PARCEL MAP NO. 1753, IN DEED RECORDED OCTOBER 16, 1970 AS INSTRUMENT NO. 1672; WITH RESPECT TO A PORTION THEREOF, IN DEED RECORDED NOVEMBER 12, 1970 AS INSTRUMENT NO. 2112, WITH RESPECT TO A PORTION THEREOF, IN DEED RECORDED MAY 21, 1973 AS INSTRUMENT NO. 1446 AND WITH RESPECT TO SAID TRACT NO. 31479 IN DEED RECORDED DECEMBER 24, 1981 AS INSTRUMENT NO. 81-1263075, OFFICIAL RECORDS, RECORDS OF SAID COUNTY.

PARCEL 2:

EASEMENTS FOR ACCESS, SLOPE AND DRAINAGE MAINTENANCE, SANITARY SEWER, PRIVATE STREET PURPOSES, PUBLIC UTILITY AND PUBLIC SERVICES PURPOSES OVER LOT "M" OF SAID TRACT NO. 52267.

PARCEL 3:

AN EASEMENT FOR ACCESS AND DRAINAGE MAINTENANCE PURPOSES OVER THOSE PORTIONS OF LOTS 4, 12, 28, 36, 81, 104, 117 AS DELINEATED ON THE MAP OF SAID TRACT.

Assessor's Parcel Number: 8701-058-035

FORM B104  (08/07)                                                    2007 USBC, Central District of California

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Page 2) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS** Rosendo Gonzalez, Chapter 7 Trustee | **DEFENDANTS** ANDREW YANG, an individual and YOUNG MI KIM a/k/a YUMI KIM, an individual |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Alan W. Forsley - Fredman Lieberman LLP<br>1875 Century Park East, Ste. 2200, Los Angeles CA<br>90067 (310) 284-7350 | **ATTORNEYS** (If Known) |

| **PARTY** (Check One Box Only) | | **PARTY** (Check One Box Only) | |
|---|---|---|---|
| ☐ Debtor | ☐ U.S. Trustee/Bankruptcy Admin | ☒ Debtor | ☐ U.S. Trustee/Bankruptcy Admin |
| ☐ Creditor | ☐ Other | ☐ Creditor | ☒ Other |
| ☒ Trustee | | ☐ Trustee | |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint for: (1) Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. Section 544(b) and 550 and California Civil Code Section 3439.04(a)(1) and 3439.09

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 700,000.00 |

Other Relief Sought

CCD-B104

FORM B104 (08/07), page 2                                                          2007 USBC, Central District of California

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| Andrew Yang | 2:13-bk-15660-BR |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| CENTRAL | LOS ANGELES | BARRY RUSSELL |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| | | |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| | | |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|
| |

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| February 25, 2014 | ALAN W. FORSLEY |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.